UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| James C.,<br><br>              Plaintiff,<br><br>v.<br><br>Martin O'Malley, Commissioner of Social Security,<br><br>              Defendant. | Civil No. 3:24-CV-00083 (MEG)<br><br><br>November 5, 2024 |

**RULING ON PENDING MOTIONS**

Plaintiff James C.[1] appeals the decision of the Commissioner of Social Security ("Commissioner"), rejecting his application for Title II Disability Insurance Benefits ("DIB"). ECF No. 27. He moves the Court for an order vacating the Commissioner's decision and for an order remanding the case for further proceedings. ECF No. 27-2, at 17. The Commissioner moves for an order affirming that decision. ECF No. 30.

For the reasons detailed below, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 27) is **GRANTED** and the Commissioner's Motion for an Order Affirming the Decision (ECF No. 30) is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On January 27, 2021, Plaintiff filed an application for DIB benefits under Title II. He claimed that he could not work due to "open heart surgery 1/15/2021, diabetes, deaf in right ear". Tr. 78, 87 (on reconsideration Plaintiff alleged disability due to "diabetes, deaf in right ear, heart

---

[1]    Pursuant to D. Conn. Standing Order CTAO-21-01, Plaintiff will be identified solely by first name and last initial throughout this opinion.

1

problems, blind in one eye, anxiety, and depression."). He alleges a disability onset date of January 4, 2021. Tr. 29, 180. His applications were denied initially on October 22, 2021, and upon reconsideration on December 14, 2021. Tr. 77-85; 86-96.

On October 26, 2022, the ALJ issued an unfavorable decision. Tr. 26-42. The ALJs are required to follow a five-step sequential evaluation process in adjudicating Social Security claims and ALJ Edward F. Sweeney's written decision followed that format. At Step One of his analysis, he found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2019. Tr. 31. At Step Two, he found that Plaintiff suffers from the severe impairments of "heart disease status-post coronary artery bypass grafting x 4, obesity, and hearing loss." Tr. 32. The ALJ considered Plaintiff's depression and anxiety to be medically determinable non-severe impairments. Tr. 32. At Step Three, he concluded that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the "Listings" – that is, the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. Tr. 34. He then determined that, notwithstanding his impairments, Plaintiff retained the residual functional capacity to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) except he can occasionally climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl. He is limited to an environment with no work with loud noise as defined in the Selected Characteristics of Occupations (SCO). He would need to avoid exposure to extreme cold, avoid concentrated exposure to extreme heat, avoid concentrated exposure to vibration, and avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases. He would need to avoid exposure to unprotected hazards such as machinery and heights.

Tr. 35. At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work (20 C.F.R. 404.1565). Tr. 40. Finally, at Step Five, relying on the testimony of a vocational expert ("VE"), the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, he is capable of performing other work that exists in significant numbers in

the national economy. Tr. 41. Accordingly, the ALJ determined that Plaintiff was not disabled from January 4, 2021, the alleged onset date, through the date of the decision. Tr. 41-42.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on September 15, 2023. Tr. 8. On July 24, 2024, Plaintiff sought judicial review of the Commissioner's decision. ECF No. 1.

## II. APPLICABLE LEGAL PRINCIPLES

To be considered disabled under the Social Security Act, "a claimant must establish an 'inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months.'" *Smith v. Berryhill*, 740 F. App'x 721, 722 (2d Cir. 2018) (summary order) (quoting 20 C.F.R. § 404.1505(a)). To determine whether a claimant is disabled, the ALJ follows a familiar five-step evaluation process.

At Step One, the ALJ determines "whether the claimant is currently engaged in substantial gainful activity . . . ." *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008)). At Step Two, the ALJ analyzes "whether the claimant has a severe impairment or combination of impairments . . . ." *Id.* At Step Three, the ALJ evaluates whether the claimant's disability "meets or equals the severity" of one of the "Listings" – that is, the specified impairments listed in the regulations. *Id.* At Step Four, the ALJ uses a residual functional capacity ("RFC") assessment to determine whether the claimant can perform any of his or her "past relevant work." *Id.* At Step Five, the ALJ addresses "whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's [RFC], age, education, and work experience." *Id.* The claimant bears the burden of proof at Steps One through Four. *Id.* At Step Five, "the burden shift[s] to the Commissioner to show there is other

work that [the claimant] can perform." *Brault v. Soc. Sec. Admin., Comm'r,* 683 F.3d 443, 445 (2d Cir. 2012) (per curiam).

In reviewing a final decision of the Commissioner, this Court "perform[s] an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). Its role is to determine whether the Commissioner's decision is supported by substantial evidence and free from legal error. "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation marks omitted).

A disability determination is supported by substantial evidence if a "reasonable mind" could look at the record and make the same determination as the Commissioner. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .") (citations omitted). Though the standard is deferential, "[s]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotation marks and citations omitted). When the decision is supported by substantial evidence, the Court defers to the Commissioner's judgment. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

An ALJ does not receive the same deference if he has made a material legal error. In other words, district courts do not defer to the Commissioner's decision where "an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). "Even if the Commissioner's

decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### III.   DISCUSSION

Plaintiff appeals the ALJ's decision not on the basis of any findings with respect to his physical capacity, but, rather, on the grounds that the ALJ did not adequately address his mental limitations in the RFC. He argues that the "Commissioner erred as a matter of law by failing to account for any mental limitations in the RFC and by failing to expressly explain why such limitations were not included in the RFC. ECF No. 27-2 at 8-17. The Commissioner argues that the ALJ did not err as a matter of law and substantial evidence supports the RFC. ECF No. 30.

#### A. Challenge to RFC Finding

Plaintiff argues that the ALJ failed to account for any mental limitations in the RFC or expressly explain why such limitations were not included. ECF No. 27-2 at 10. He contends that even if the ALJ finds "mild restrictions" resulting from non-severe mental impairments, the ALJ must address those restrictions as part of his RFC analysis. *Id.* at 9. He maintains that this error is not harmless because "there is a reasonable likelihood that a different result could have been reached" if the ALJ properly considered his mental limitations in evaluating the RFC and, as a result, presented a "legally insufficient hypothetical to the vocational expert." *Id.* at 16. Thus, he argues, that when an ALJ "fails to address non-severe mental impairments in formulating a claimant's RFC, it is 'necessary to remand [the] case for further consideration.'" *Id.* at 9 (quoting *Parker-Grouse v. Astrue,* 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (explaining that remand is necessary where the "ALJ failed to account for any functional limitations arising from [the claimant's] depression when determining her RFC.")).

5

"The analyses of impairments when determining severity at step two and [t]hen later formulating the claimant's RFC are related but distinct." *Coulter v. Comm'r of Soc. Sec.,* 673 F. Supp. 3d 365, 375 (S.D.N.Y. 2023). An ALJ's assessment of a mental impairment at Step Two requires consideration of four broad areas of mental functioning known as the "Paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(3). The four areas are (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* The ALJ must make a finding, based on the record, as to the degree of any limitations in each area, using assessments of "none," "mild," "moderate," "marked," and "extreme." 20 C.F.R. § 404.1520a(c)(4). If the ALJ rates the claimant's limitations in those areas as "none" or "mild," the ALJ "will generally conclude that [the] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520(d)(1).

Here, at Step Two, the ALJ provided a thorough analysis of Plaintiff's mental impairments, anxiety and depression. The ALJ started his discussion by stating that these conditions "considered singly and in combination do not cause more than a minimal limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere." Tr. 32. In considering each of the four Paragraph B criteria, the ALJ relied upon the Plaintiff's last self-reported function report, dated November 12, 2021, (Tr. 253-61); Plaintiff's hearing testimony (Tr. 60-71); and records from his treating providers (citing Exs. 28F-30F, 35F). Tr. 32-34. In finding that he has no limitation as to the first two Paragraph B criteria, the ALJ noted that while Plaintiff reports *difficulty* with memory, understanding, following instructions, and completing tasks, (Tr. 67-68, 259-60), he *is able* to follow written and spoken instructions (Tr. 259), and complete essential tasks, like preparing meals (Tr. 256), driving (Tr. 61-62, 257), shopping and going to the

laundromat (Tr. 258), managing a savings account, and using a checkbook. Tr. 257. Treating providers noted that Plaintiff was well-groomed, alert and oriented times three, with normal memory, normal affect, and he had no pressured or tangential speech. Tr. 30 (citing Tr. 306, 316, 1624, 1733, 1754, 1757,1782, 1806-07, 1819, 1830, 1891, 1970). Additionally, Plaintiff reported no problems in getting along with family, friends, neighbors, authority figures, or others. Tr. 258. In consideration of these factors, the ALJ properly concluded that Plaintiff had no limitation in the Paragraph B criteria of (1) understanding, remembering, and applying information, and (2) ability to interact with others. Tr. 33.

The ALJ found that Plaintiff had mild limitations in the third and fourth functional areas of Paragraph B. The ALJ observed that examinations show that he was alert and oriented, and "do not appear to note any issues with concentration." Tr. 33 (citing Tr. 308, 1782). Plaintiff reported problems with focus and concentration, difficulty completing tasks, and problems following instructions. Tr. 33 (citing Tr. 68, 259). Therefore, the ALJ found that that claimant has mild limitation in the third area, concentrating, persisting, and maintaining pace. As to the fourth area, Plaintiff reported increased anxiety in January and February of 2021, and was continued on Paxil and started on Hydroxyzine. Tr. 33 (citing Tr. 1623 (2/4/2021"Generalized anxiety disorder: Not well controlled. Ideally I would like to get him off of the Paxil. This is not the time to do it. Add hydroxyzine 25 mg p.o. twice daily as needed."), 1758 (duplicate); *see also* Tr. 1756 (2/4/2021). "His anxiety is very high. He continues on Paxil . . . He has difficulty sleeping and he has difficulty calming himself throughout the rest of the day."); Tr. 1807 (2/4/2021"very nervous, anxious"); Tr. 1734 (4/5/2021 "Generalized anxiety disorder: Stable on Paxil."); Tr. 1971 (10/14/2021 same). Plaintiff reported difficulty handling stress and changes, limitations in handling personal care, and difficulty preparing meals and completing household chores. Tr. 33 (citing Tr. 65, 255-56, 259-

60). However, because he also reported that he is able to drive, go out on his own, shop in stores, handle money, spend time with others, and get along with others, the ALJ found that Plaintiff's limitation in adapting or managing oneself was mild in nature. Tr. 33 (Tr. 257-58). Plaintiff does not appear to dispute the ALJ's Step 2 findings that his mental impairments were nonsevere. Rather, he argues that the ALJ erred because he did not discuss these mental limitations when assessing the RFC.

Even though the ALJ's Step Two determination is supported by substantial evidence, the Court finds that the ALJ committed error by failing to address, or account for, any functional limitations associated with Plaintiff's anxiety and depression in the RFC assessment. *Novas v. Kijakazi*, No. 22-cv-1020M (MKV) (BCM), 2023 WL 2614362, at *12 (S.D.N.Y. Mar. 8, 2023), *report and recommendation adopted sub nom., Novas v. Comm'r of Soc. Sec.,* No. 22-CV-1020 (MKV), 2023 WL 2613550 (S.D.N.Y. Mar. 23, 2023.) ("The requirement that the ALJ 'consider' a plaintiff's non-severe mental impairments in formulating her RFC cannot be discharged by the paragraph B analysis used at step two to rate the severity of those impairments.") (citing cases). "When formulating the claimant's RFC, the ALJ must consider "all of [the claimant's] medically determinable impairments . . . including . . . medically determinable impairments that are not 'severe.'" *Coulter,* 673 F. Supp. 3d at 376 (quoting 20 C.F.R. § 404.1545(a)(2)) (citing *Novas*, 2023 WL 2614362, at *11).

"[I]t is well-established that the step-two analysis is "analytically distinct" from the RFC analysis, and the ALJ's discussion of evidence and functional limitations relating to plaintiff's depression at step two did not relieve him of the obligation to further assess plaintiff's mental health impairment in the RFC portion of his decision." *David Q. v. Comm'r of Soc. Sec.,* No. 20-cv-1207 (MWP), 2022 WL 806628, at *5 (W.D.N.Y. Mar. 17, 2022) (citing *Golden v. Colvin*,

2013 WL 5278743, *3-4 (N.D.N.Y. 2013)). "Even where substantial evidence supports the ALJ's finding that a claimant's mental impairment was nonsevere, it would still be necessary to remand . . . for further consideration where the ALJ failed to account for the claimant's mental limitations when determining her RFC." *Amparo v. Comm'r of Soc. Sec.,* No. 20-cv-10285(JMF) (SDA), 2022 WL 3084482, at *10 (S.D.N.Y. July 19, 2022), *report and recommendation adopted,* No. 20-cv-10285 (JMF) (SDA), 2022 WL 3084380 (S.D.N.Y. Aug. 3, 2022) (internal citation marks and citation omitted) (citing cases); *see e.g.*, *Maura B. C. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0294 (DEP), 2022 WL 2789102, at *6 (N.D.N.Y. July 15, 2022) ("While the analysis at steps two and three concerns the *functional* effects of mental impairments, the RFC analysis at step four specifically considers *work-related* physical and mental activities in a *work setting*, such that a finding at steps two or three does not automatically translate to an identical finding at step four.") (emphasis in original, internal quotation marks and citations omitted); *Garcia v. Comm'r of Social Security*, No. 21-CV-1230, 2022 WL 4234555, at *14 (S.D.N.Y. Sept. 14, 2022) (an "ALJ's assessment at step two [does] not relieve him of the requirement to discuss Plaintiff's mental health impairments in formulating the RFC.").

This is not a case where the ALJ found that Plaintiff's anxiety and depression caused *no* functional limitations at Step Two, or found that Plaintiff had a nonsevere mental impairment but nonetheless specifically accounted for associated limitations in the RFC. Here, the ALJ discussed Plaintiff's mental impairments at Step Two and in the RFC portion of the decision explained how he weighed the opinion of State Agency psychological consultant MaryEllen Menken, Ph.D. Tr. 39. Aside from that, the RFC portion of the ALJ's decision contained no discussion regarding whether Plaintiff's anxiety and depression caused functional limitations in a work setting and the ALJ did not include any mental limitations in the hypotheticals posed to the VE. Tr. 35-40; 71-75.

Indeed, Dr. Menken found "mild limitations in concentrating, persisting, and maintaining pace and adapting or managing oneself." Tr. 39 (citing Tr. 91-92). Despite the fact that the ALJ found Dr. Menken's opinion persuasive, he failed to analyze the extent to which Plaintiff's mild mental limitations may or may not cause functional limitations in the RFC determination. *See David Q,* 2022 WL 806628, at *6. In sum, regardless of whether the ALJ's Step Two determination regarding Plaintiff's mental impairments was supported by substantial evidence, the record does not demonstrate that the ALJ properly considered the impact of those impairments in evaluating the RFC, as required. *Laura Anne H. v. Saul*, No. 6:20-CV-397 (TWD), 2021 WL 4440345, at *11 (N.D.N.Y. Sept. 28, 2021) ("The ALJ may find that Plaintiff's mental impairments are inconsequential and, thus, reject the need to incorporate mental limitations into the RFC – but he must explain his reasoning for doing so.").

Further, the Court cannot conclude, based on the record, that the error was harmless. The ALJ's failure to address the impact of mild mental limitations when formulating Plaintiff's RFC limits the Court's ability to assess whether the RFC is supported by substantial evidence. Moreover, the error may be compounded where as here the ALJ did not pose any hypotheticals to the VE which included mental limitations, which may or may not limit the jobs available to Plaintiff in the national economy. *Sharon J. v. Comm'r of Soc. Sec.,* 716 F. Supp. 3d 59, 65 (W.D.N.Y. 2024) (declining to "to speculate regarding why the RFC does not include any mental limitations, and by extension whether the RFC is supported by substantial evidence".). *See also Laura Anne H.*, 2021 WL 4440345, at *10 (finding that "this error is harmful because there is at least a reasonable likelihood that a different result could be reached if the ALJ properly considered Plaintiff's non-severe mental impairments when evaluating the RFC.") (citing *Gomez v. Saul*, No. 19-CIV-9278, 2020 WL 8620075, at *25 (S.D.N.Y. Dec. 23, 2020) ("[E]ven if an ALJ finds that

a claimant's non-severe impairments result in only "mild" restrictions, the ALJ must analyze those restrictions in determining the claimant's RFC."); *report-recommendation adopted sub nom. Gomez v. Comm'r of Soc. Sec.*, 2021 WL 706744 (S.D.N.Y. Feb. 22, 2021)); *Amparo,* 2022 WL 3084482, *11 (finding an ALJ's failure to mention non-severe impairments in formulating the RFC was not harmless "where, as here, the ALJ found at least mild limitations in areas of mental functioning.") (citing cases). The Court will not speculate; this error requires remand. *See e.g.*, *Parker-Grose v. Astrue*, *supra*, 462 F. App'x at 18 (finding legal error and remanding for further consideration where the ALJ failed to account for claimant's mental limitations when determining the RFC).

### IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings **(ECF No. 27)** is **GRANTED** and Defendant's Motion for an Order Affirming the Decision of the Commissioner **(ECF No. 30)** is **DENIED**, to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner for further administrative proceedings consistent with this decision.

This is not a recommended ruling. The parties consented to the jurisdiction of the undersigned Magistrate Judge, who may therefore direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. ECF No. 14. Appeals may be made directly to the appropriate United States Court of Appeals. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c). It is so ordered.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge
